United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41751
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE OSVALDO SALINAS-ROMO,

Defendant-Appellant,

_____

Consolidated with
No. 03-40007

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE OSBALDO SALINAS-ROMO, also known as Arnoldo Guzman-Romo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-413-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

--------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

Rene Osvaldo Salinas-Romo appeals his guilty-plea conviction and sentence for being found illegally present in the United States after deportation as well as the subsequent revocation of a term of supervised release from an earlier conviction.  He argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional.  Salinas concedes that this argument is foreclosed and he raises it for possible review by the Supreme Court.

This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

AFFIRMED.

---

R. 47.5.4.